UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BROWN WATER MARINE SERVICE, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 2:20-CV-00177 |
| **COURSEY FLOYD,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Coursey Floyd allegedly sustained an injury to his back on September 4, 2019 while working as a deckhand for Brown Water Marine Service, Inc. ("Brown Water"). Ten months later, Brown Water filed the instant declaratory judgment action seeking clarification of its duties to provide Floyd with maintenance and cure. Floyd has since filed a Texas state court action arising from the same set of facts seeking, *inter alia*, maintenance and cure. Floyd also filed a Motion to Dismiss this case in light of the state court proceedings. The sole issue to be decided here is whether the underlying maintenance and cure issues should be tried before the state court or this Court. After reviewing the Motion, the Response, the record, and the applicable law, the Court is of the opinion that Floyd's Motion to Dismiss should be **GRANTED**.

### I.  BACKGROUND

As alleged in Brown Water's complaint, Floyd was employed by Brown Water as a deckhand on one of its tugboats when a wrench he was using slipped and he injured his back. (Dkt. No. 1 at ¶ 4.1). Thereafter, a doctor recommended that Floyd undergo surgery costing $485,000, and Floyd demanded that Brown Water foot the bill. (*Id.*). Brown Water requested that Floyd obtain a medical examination by a physician of its choosing and otherwise cooperate with Brown

Water's investigation. (*Id.*). When Floyd refused, Brown Water filed the instant declaratory judgment action seeking clarification on its duties regarding the provision of maintenance and cure for Floyd. (*Id.* at ¶¶ 4.1–5.1). More specifically, Brown Water is seeking a declaration stating that it is entitled to investigate Floyd's alleged injuries, that Floyd is obligated to cooperate with Brown Water's investigation and submit to a medical examination by a physician of Brown Water's choosing, and that Brown Water has not engaged in willful or wanton disregard of any maintenance and cure obligations. (*Id.* at ¶ 5.1). Brown Water also sought "to recover its attorneys' fees and court costs incurred in filing and pursuing [its] declaratory judgment action . . . ." (*Id.*).

Then things got interesting. One month after Brown Water filed this federal suit, Floyd went ahead with the surgery. (Dkt. No. 6 at 2). And a few weeks after that, he filed an action in Texas state court asserting that Brown Water's vessel at the time of the underlying incident was "unseaworthy" and that Brown Water is liable for Floyd's injuries under the Jones Act.[1] (Dkt. No. 11-1 at ¶¶ 2–3). Floyd then moved for this Court to dismiss Brown Water's federal declaratory judgment action in light of the pending state court lawsuit. (Dkt. No. 6). Brown Water responded by pointing out that Floyd's state court action failed to allege any violation of his putative right to maintenance and cure, and therefore the federal and state actions concerned different issues. (Dkt. No. 11 at 1–2). Not surprisingly, Floyd then amended his state court petition to include a claim for maintenance and cure and reasserted his argument that Brown Water's federal action should be dismissed. (Dkt. No. 12 at 1; Dkt. No. 13-1).

---

[1] The Jones Act provides, "A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104.

## II.   DISCUSSION

A district court presented with a declaratory judgment action must first determine: (1) whether the action is justiciable; (2) whether the court has authority to grant the requested declaratory relief; and (3) whether, in its broad discretion, the court should decide or abstain from deciding the matter. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citations omitted). Here, the Court is satisfied that the action is justiciable and that the Court possesses requisite authority to grant the requested relief should it choose to do so. *See Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989) (holding that an "actual controversy" in a declaratory judgment action existed where the dispute concerns whether a drilling company's legal obligation to provide maintenance and cure to an injured employee had been satisfied); *Travelers Ins. Co. v. La. Farm Bureau Fed., Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (explaining that as a "general rule," federal courts are barred from entertaining declaratory judgment actions where, unlike here, "a declaratory defendant has *previously* filed a cause of action in state court against the declaratory plaintiff" (emphasis added)). Thus, the sole issue here concerns the third prong of the *Wolfe* inquiry: whether the Court *should* exercise its broad discretion to decide or abstain from deciding the case.

"'The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'"[2] *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995)). Although this discretion is broad, it is "not unfettered," *Travelers Ins.*, 996 F.2d at 778, and it may not serve as a license to

---

[2] The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, . . ." 28 U.S.C. § 2201(a) (emphasis added).

3

dismiss a declaratory judgment action "'on the basis of whim or personal disinclination.'" *Id.* (quoting *Griffin*, 876 F.2d at 28–29). Rather, a district court must "address[] and balance[] the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine." *Id.* (citing *Griffin*, 876 F.2d at 30). Specifically, the Fifth Circuit has provided a nonexclusive list of seven factors to be considered:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and, . . . [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1995) (quotation omitted); *see also Sherwin-Williams*, 343 F.3d at 389–92 (explaining how the *Trejo* factors comport with the Supreme Court's prescription of a nonexclusive list of factors for analyzing whether a controversy is "better settled in the proceedings pending in the state court" in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942)). At their core, the *Trejo* factors address three main concerns: federalism, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 390–91.

Here, the balance of factors weighs in favor of dismissing Brown Water's declaratory judgment action. Beginning with the first *Trejo* factor, it is clear that Floyd's pending state action will fully address all matters in controversy here, namely, the extent to which Brown Water is obligated to provide Floyd with maintenance and cure and whether Floyd has a converse duty to

submit to any medical examination by a physician of Brown Water's choosing.³ Although the facts of this case do not necessarily demonstrate that Brown Water "filed suit in anticipation of a lawsuit filed by the defendant" or "engaged in forum shopping," it is certainly possible, indeed likely, that there would be "inequities" flowing from the Court's exercise of jurisdiction over the issues at hand. Specifically, entertaining Brown Water's declaratory judgment action could potentially deprive Floyd of his choice of forum in his Jones Act suit, *see* 28 U.S.C. § 1333(a) ("saving to suitors" in admiralty or maritime cases the right to pursue remedies outside of federal jurisdiction), result in piecemeal litigation, or deprive Floyd of his right to a trial by jury on the issue of maintenance and cure by severing it from his Jones Act claim, *see Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963) (providing that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts"). *See Falcon Drilling Co., Inc. v. Breeland*, 85 F.3d 624 (5th Cir. 1996) (affirming dismissal of a declaratory judgment action under nearly identical circumstances where the choice-of-forum and jury-right issues were at play). While a federal forum would likely be just as convenient as the state forum for both Floyd and Brown Water, judicial efficiencies may be served by resolving the relevant maintenance and cure issues in the state court proceedings where Floyd has already raised this issue along with his other admiralty claims. There would be no need to file additional pleadings, such as a compulsory counterclaim, in order to have his entire case decided by a single decisionmaker.⁴ On balance, then, the Court finds it more appropriate for the state

---

³ Whether this latter issue is moot in light of Floyd's decision to obtain surgery will no doubt involve a fact-inquiry which the able Texas court may conduct. Further, the issue of whether Floyd had such a duty in the first place could be relevant to Brown Water's liability.

⁴ The seventh *Trejo* factor—whether the federal court is being called upon to construe a state judicial decree—is inapplicable to this case.

court to consider Floyd's claims, fair for both parties that this federal action to be dismissed, and more efficient to allow the state court to handle all the issues involved in this case.

Arguing to the contrary, Brown Water makes much of Floyd's election to undergo the controversial surgery less than a month after acknowledging this lawsuit. (Dkt. No. 11 at 4–5). Brown Water contends that this surgery suggests Floyd's state court suit is less about his choice of forum and more about convincing this Court to dismiss Brown Water's action. (*Id.* at 5). As further proof that Floyd's state court lawsuit contained "sham allegations," (*id.*), Brown Water points to Floyd's concession during a recorded phone call with an apparent agent of Brown Water that Brown Water had not negligently caused his injury or provided work conditions that were unseaworthy. (*Id.* at 2–3). Notably, Brown Water stops short of asserting that Floyd acted in bad faith by filing his state action and subsequent motion to dismiss this suit. *Cf. Belle Pass Towing Corp. v. Cheramie*, 763 F.Supp. 1348, 1355 (E.D. La. 1991) ("[A]bsent *bad faith* on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out of the same set of facts." (emphasis added)). But even if Brown Water had made such an allegation, the Court finds the order of events and Floyd's phone-call concession are insufficient to demonstrate bad faith. There are numerous reasons why someone with a serious back injury would seek surgery at an inconvenient time. (*See* Dkt. No. 6 at 2). And Brown Water's reliance on Floyd's informal concession that Brown Water was not negligent amounts to, at most, evidence relevant to whether Brown Water was negligent, not dispositive proof that it was not.

In light of the foregoing, this Court therefore holds that, pursuant to the purposes of the Declaratory Judgment Act and the factors relevant to abstention, it is appropriate to **DISMISS** this

Civil Action **WITHOUT PREJUDICE** in light of the attendant federalism, fairness, and efficiency concerns.

It is SO ORDERED.

SIGNED this December 2, 2020.

                                              */s/ Drew B. Tipton*
                                            **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**